UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No.

JENNIFER NEUMANN,

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
"CARNIVAL CRUISE LINE"

Defendant.
_______________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND JUR JURY TRIAL**

Plaintiff, JENNIFER NEUMANN, hereby sues Defendant, CARNIVAL CORPORATION D/B/A "CARNIVAL CRUISE LINE," and alleges:

1. This is a negligence action arising out of a slip and fall incident resulting in personal injury that occurred on board a cruise ship at sea in which the amount in controversy, excluding interest and costs, exceeds $75,000.00.

2. Plaintiff is a citizen of the United States.

3. Plaintiff is a resident of the State of Florida.

4. Defendant, CARNIVAL CORPORATION D/B/A "CARNIVAL CRUISE LINE," (hereinafter "CARNIVAL CORPORATION"), is a corporation incorporated under the laws of the Republic of Panama.

5. Defendant, CARNIVAL CORPORATION's, principal place of business is in Florida.

6. This case falls within this Court's diversity jurisdiction because the parties

are diverse citizens and the amount in controversy exceeds $75,000.00, exclusive of interest or costs; alternatively, this case falls within this Court's admiralty jurisdiction because this action arises from a slip and fall incident that occurred at sea; alternatively, this case falls within this Court's federal question jurisdiction because this action arises under the laws of the United States.

7. This Court has *in personam* jurisdiction over Defendant, CARNIVAL CORPORATION, because Defendant, CARNIVAL CORPORATION, maintains a presence in Florida and has its principal place of business in Florida.

8. Venue is proper in the Southern District of Florida because the passenger ticket Defendant, CARNIVAL CORPORATION, sold Plaintiff contains a forum-selection clause, which states that actions such as this action must be litigated before the United States District Court for the Southern District of Florida in Miami.

9. Plaintiff has performed and satisfied all conditions precedent to be performed by Plaintiff prior to the filing of this Complaint, including, but not limited to, providing written notice of Plaintiff's claim to Defendant, CARNIVAL CORPORATION, within 185 days of the date of Plaintiff's injury; or the conditions have already occurred and/or been waived.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN PREMISES IN A SAFE CONDITION

10. Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-9 as though fully set forth herein.

11. On or about June 11, 2023, Plaintiff was a fare-paying passenger aboard the Carnival *Mardi Gras,* a cruise ship that Defendant, CARNIVAL CORPORATION, owned and operated (hereinafter the "CRUISE SHIP").

12. During the afternoon of June 11, 2023, Plaintiff needed to use the restroom to relieve herself urgently and she entered the women's restroom located on Deck 7 of the CRUISE SHIP between the Mardi Gras Casino and the Mardi Gras Theater (hereinafter the "Restroom on Deck 7").

13. After entering the Restroom on Deck 7, Plaintiff immediately entered into a private stall located with the Restroom on Deck 7 and used the toilet to relieve herself.

14. After utilizing the toilet within the private stall located within the Restroom on Deck 7, Plaintiff attempted to stand up to exit the stall and slipped on water or another transitory foreign substance that was located on the floor and fell.

15. At that time and place, Defendant, CARNIVAL CORPORATION, owed Plaintiff a duty of reasonable care under the circumstances.

16. At that time and place, Defendant CARNIVAL CORPORATION, via its agents/employees, breached its duty of care in one or more of the following ways, which caused Plaintiff to suffer serious personal injury when she slipped and fell in a substantial amount of water and/or some other slippery and transitory foreign substance:

a. Defendant, CARNIVAL CORPORATION, placed or caused water and/or some other slippery substance to exist on the floor within the Restroom of Deck 7; and/or

b. Defendant, CARNIVAL CORPORATION, allowed water and/or some other slippery substance to sit and pool on a walking surface that Defendant, CARNIVAL CORPORATION, knew or should have known is frequently traversed by

passengers, when Defendant, CARNIVAL CORPORATION, could have easily squeegeed/mopped the floor or taken other simple steps to remove the water and/or other slippery substance; and/or

c. Defendant CARNIVAL CORPORATION, failed to dry the walking surface on the floor where the water or other slippery substance was located within the Restroom on Deck 7; and/or

d. Defendant, CARNIVAL CORPORATION, failed to adequately inspect the floor within the Restroom on Deck 7 for water and/or some other slippery substance to ensure the safety of its passengers, including, but not limited to, Plaintiff; and/or

e. Defendant, CARNIVAL CORPORATION, failed to properly maintain a section of the floor to ensure that the water and/or some other slippery substance was properly removed from the floor within the Restroom on Deck 7; and/or

f. Defendant, CARNIVAL CORPORATION, failed to properly maintain a section of the floor within the Restroom on Deck 7 to ensure that water or other slippery substances would flow into a drain and not pool; and/or

g. Defendant, CARNIVAL CORPORATION, failed to take adequate steps to ensure that water or other slippery substances would drain off the floor within the Restroom on Deck 7 and out of the main walking area for passengers and

into a drain pipe, rather than stand and pool; and/or

h. Knowing that water or other liquids would likely remain or pool upon the floor within the Restroom on Deck 7, Defendant, CARNIVAL CORPORATION, failed to take adequate steps to ensure that the walking surface in that area was slip-resistant.

17. Defendant, CARNIVAL CORPORATION, via its agents/employees, was on actual prior notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 because of the following:

a. its agents/employees placed the water and/or other slippery substance on the floor; and/or

b. its agents/employees observed the water and/or other slippery substance on the floor; and/or

c. its agents/employees were informed by other persons that the water and/or other slippery substance was on the floor.

18. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, was on constructive prior notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 because there was a substantial amount of water and/or some other slippery substance on the floor and the only reasonable inference that could be drawn was that the water and/or slippery substance was leaking, spreading, and pooling over a long period of time such that it had accumulated, spread, and pooled into such a large amount and over such a large area on the floor; and/or

19. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION,

via its agents/employees, had prior constructive notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 and/or of the slippery or dangerous conditions that existed within the Restroom on Deck 7 because of the following:

a. its agents/employees were aware that one of the toilets within the Restroom on Deck 7 was malfunctioning and leaking water or some other slippery substance onto the adjacent floor and that this was a persistent and recurring problem that occurred with frequent regularity; and/or

b. its agents/employees were aware that there was a malfunctioning drain on the floor within the Restroom of Deck 7 such that water or other slippery substances would accumulate on the floor and not drain properly and that this was a persistent and recurring problem that occurred with frequent regularity; and/or

c. its agents/employees were aware that there were broken, malfunctioning, or poorly maintained plumbing fixtures with the Restroom of Deck 7 such that water or other slippery substances would leak onto and accumulate on the floor and that this was a persistent and recurring problem that occurred with frequent regularity.

20. The slippery and dangerous conditions that existed within the Restroom on Deck 7 as a result of malfunctioning, broken, or poorly maintained toilets, drains, or plumbing fixtures within the Restroom on Deck 7 causing seepage, leakage, or pooling

of water or other slippery substances on the floor within the Restroom on Deck 7 occurred with such frequent regularity that it was foreseeable to Defendant, CARNIVAL CORPORATION, that water or other slippery substances would leak and accumulate on the floor again and that patrons, including Plaintiff, could or would come into contact with the water and/or other slippery substance on the floor within the Restroom on Deck 7.

21. Defendant, CARNIVAL CORPORATION, breached its duty to Plaintiff and placed or allowed the substantial amount of water and/or other slippery substance to pool on the floor within the Restroom on Deck 7, which caused Plaintiff to fall and suffer injuries.

22. As a result of Defendant, CARNIVAL CORPORATION's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

23. Plaintiff demands a trial by jury for Count I.

**<u>COUNT II – NEGLIGENT FAILURE TO WARN</u>**

24. Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-8 as though fully set forth herein.

25. On or about June 11, 2023, Defendant, CARNIVAL CORPORATION, via its agents/employees, allowed water and/or another slippery substance to pool on the floor within the Restroom on Deck 7.

26. Defendant, CARNIVAL CORPORATION, via its agents/employees, was on actual prior notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 because of the following:

a. its agents/employees placed the water and/or other slippery substance on the floor; and/or

b. its agents/employees observed the water and/or other slippery substance on the floor; and/or

c. its agents/employees were informed by other persons that the water and/or other slippery substance was on the floor.

27. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, was on constructive prior notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 because there was a substantial amount of water and/or some other slippery substance on the floor and the only reasonable inference that could be drawn was that the water and/or slippery substance was leaking, spreading, and pooling over a long period of time such that it had accumulated, spread, and pooled into such a large amount and over such a large area on the floor; and/or

28. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, had prior constructive notice of the presence of the substantial amount of water and/or the other slippery substance on the floor within the Restroom on Deck 7 and/or of the slippery or dangerous conditions that existed within the Restroom on Deck 7 because of the following:

a. its agents/employees were aware that one of the toilets within the

Restroom on Deck 7 was malfunctioning and leaking water or some other slippery substance onto the adjacent floor and that this was a persistent and recurring problem that occurred with frequent regularity; and/or

b. its agents/employees were aware that there was a malfunctioning drain on the floor within the Restroom of Deck 7 such that water or other slippery substances would accumulate on the floor and not drain properly and that this was a persistent and recurring problem that occurred with frequent regularity; and/or

c. its agents/employees were aware that there were broken, malfunctioning, or poorly maintained plumbing fixtures with the Restroom of Deck 7 such that water or other slippery substances would leak onto and accumulate on the floor and that this was a persistent and recurring problem that occurred with frequent regularity.

29. The slippery and dangerous conditions that existed within the Restroom on Deck 7 as a result of malfunctioning, broken, or poorly maintained toilets, drains, or plumbing fixtures within the Restroom on Deck 7 causing seepage, leakage, or pooling of water or other slippery substances on the floor within the Restroom on Deck 7 occurred with such frequent regularity that it was foreseeable to Defendant, CARNIVAL CORPORATION, that water or other slippery substances would leak and accumulate on the floor again and that patrons, including Plaintiff, could or would come into contact with the water and/or other slippery substance on the floor within the Restroom on Deck 7.

30. As a result of the actual and/or constructive knowledge that Defendant, CARNIVAL CORPORATION, had of the hazards described in paragraphs 26-28, Defendant, CARNIVAL CORPORATION, had a duty to warn invitees like Plaintiff that water and/or another slippery substance had pooled onto the floor within the Restroom on Deck 7.

31. Defendant, CARNIVAL CORPORATION, via its agents/employees, breached its duty to warn Plaintiff in one or more of the following ways:

a. Failing to close the Restroom on Deck 7 until such time that the hazard was remediated; and/or

b. Failing to restrict access to the Restroom on Deck 7 until such time that the hazard was remediated; and/or

c. Failing to erect warning devices within the Restroom on Deck 7 to warn patrons, including the Plaintiff, of the wet, slippery, and dangerous conditions that existed within the Restroom on Deck 7.

d. Failing to place conspicuous signage within or around the Restroom on Deck 7 advising invitees like Plaintiff that the floor within the Restroom on Deck 7 was wet, slippery, and dangerous.

32. Defendant, CARNIVAL CORPORATION's, failure to warn Plaintiff of the hazards present within the Restroom on Deck 7 caused her to fall and suffer injuries.

33. As a result of Defendant, CARNIVAL CORPORATION's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment,

loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

34. Plaintiff demands a trial by jury for Count II.

WHEREFORE, Plaintiff demands judgment for more than $75,000 in damages against Defendant, CARNIVAL CORPORATION; costs; and a jury trial.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was sent via the CM/ECF system to all counsel of record, on this 6th day of June, 2024.

Respectfully Submitted,

**STEINLAW, P.A.**
*Attorneys for Plaintiff*
20807 Biscayne Boulevard
Suite 200
Aventura, FL 33160
Tel: (786) 230-3819
Fax: (305) 627-3302
E-mail: jbrenner@steinlaw.com
E-mail: kreyes@steinlaw.com

By: /s/ Jason Brenner
**JASON BRENNER, ESQ.**
Florida Bar No.: 86731